UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

Eastern District of Kentucky
**F I L E D**

DEC 1 4 2012

AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

| | | |
|---|---|---|
| GLENN D. ODOM, II, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-CV-81-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| SHAWN McKENZIE,*et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

**** **** **** ****

Plaintiff Glenn D. Odom, II, is an inmate confined in the Kentucky State
Penitentiary in Eddyville, Kentucky. Proceeding without an attorney, Odom has filed
a complaint pursuant to 42 U.S.C. § 1983 challenging various conditions of his prior
confinement in the Eastern Kentucky Correctional Complex ("EKCC") in West
Liberty, Kentucky.   Odom has named as defendants: (1) Shawn McKenzie,
Administrator, EKCC Segregation Unit; (2) Gary Beckstrom, EKCC Warden; (3)
Unknown EKCC Maintenance Supervisor; (4) Ronald Everson, M.D.; (5) Carol
Cornett, Nurse Supervisor at the Little Sandy Correctional Complex ("LSCC"); and
(5) the "State of Kentucky Department of Corrections." Odom asserts claims against
the prison officials in both their individual and official capacities.

1

The Court must conduct a preliminary review of Odom's complaint because he has been allowed to pay the filing fee in installments and is asserting claims against government officials. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from defendants who are immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

The Court evaluates Odom's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Odom's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the complaint, the Court will permit some of Odom's claims to proceed, dismiss other claims, and will deny as moot Odom's motion seeking service of summons and the complaint on the defendants.

## FACTUAL ALLEGATIONS

Odom alleges that on September 19, 2011, he slipped and fell on a puddle of water on the floor of his cell. He claims that the water originated from the nearby shower area, seeped through the putty in the walls, and accumulated on the floor of his cell. Odom asserts that prior to his slip and fall, he notified both Segregation Unit

2

Administrator Shawn McKenzie and the prison maintenance supervisor that the seeping water was creating a hazardous situation and that they needed to address and repair the problem.  Odom alleges that because both defendants ignored his warnings and permitted the condition to persist, they were deliberately indifferent to a known safety hazard and caused him to fall on September 19, 2011.  Odom alleges that as a result of his fall, he sustained a serious back injury and has experienced pain, suffering, and emotional distress.  Odom alleges that the actions of McKenzie and the maintenance supervisor amounted to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

Odom contends that Dr. Everson denied him proper medical treatment for his injuries and thus was deliberately indifferent to his serious physical needs in violation of the Eighth Amendment.  On October 10, 2011, Odom ran out of his Flexeril medication and he states that a member of his family may have contacted the prison ". . . to inquire about the inadequate medical treatment." [D. E. No. 1, p. 4, ¶ 9]  The next day, when Odom was summoned for medical appointment, Everson allegedly told him "'Don't ever threaten me with a lawyer!'" [*Id.*, ¶ 10]  Everson gave Odom a 7-day prescription for Ibuprofen, told him to avoid using the stairs, and allegedly said "I was an M.D. in Viet Nam and your back pain is nothing compared to. . . I will not see you again for your back pain. Get out of my office.'" [*Id.*, ¶ 11]

3

Odom asserts that LSCC Nurse Practitioner Cornett was deliberately indifferent to his serious physical needs because she refused him medical treatment for his back injury. Odom alleges that after he arrived at the LSCC on December 28, 2011, he submitted a request for medical treatment for his back pain, and that on January 12, 2012, Cornett came to the EKCC segregation unit ". . to speak (non-contact) with plaintiff about back pain." [*Id.*, ¶ 13] Cornett allegedly refused to acknowledge that he injured his back when he fell on September 19, 2011, instead noting in his medical chart that his back problems, if any, stemmed from his brick-laying job years earlier; refused to examine him or inquire about his symptoms; and refused to provide him with any medical treatment for his back injury. Odom alleges that the fact that Dr. Everson was Cornett's supervisor ". . .played a huge role in her decision not to treat plaintiff." [*Id.*, ¶ 17] On January 19, 2012, Odom saw Cornett for a scrotum injury, but she again refused to treat his back pain, telling him to "'. . .be quiet about his back' or 'leave the office.'" [*Id.*, p. 5, ¶ 19]

Odom alleges that Everson and Cornett are currently depriving him of his right to adequate exercise, which he defines as "jumping jacks and running," *id.*, p. 7, ¶ 29, and that "the continuous denial of adequate and much needed exercise" is causing him to experience "serious and extremely unsafe health complications." [*Id.*, ¶ 30]. Odom further claims that Everson and Cornett retaliated against him because he had

4

". . . filed complaints against them and had family call the facility. . . ." [*Id.*, p. 6, ¶ 24] This claim falls under the First Amendment of the United States Constitution, which guarantees access to the courts.

Odom fully exhausted his claim alleging a dangerous premises condition through the KDOC's administrative remedy process. [D. E. Nos. 1-7 through 1-10]. As for his Eighth Amendment claim alleging the denial medical treatment, Odom stated as follows:

> Plaintiff was later placed on grievance restriction and still filed grievances on medical treatment at E.K.C.C. and L.S.C.C. Such grievances were rejected or ignored. Plaintiff wrote Nurse Practitioner Cornett a two (2) page letter asking for medical attention and later wrote Warden J. Meko regarding such denial. Plaintiff has exhausted all possible avenues for relief, and more."

[*Id.*, pp. 2-3, ¶ 2]

In addition to asserting Eighth Amendment deliberate indifference and First Amendment retaliation claims, Odom alleges that the defendants are liable to him under state law theories of negligent and intentional infliction of emotional distress. Odom further alleges that the defendants violated 42 U.S.C. § 1985(3), which prohibits two or more persons from conspiring for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.

5

Odom seeks substantial compensatory damages and punitive damages from the prison officials and the KDOC, and a preliminary and permanent injunction requiring EKCC officials to maintain the premises and repair any known defects to prevent future injuries to inmates.

## DISCUSSION

Odom's constitutional claims against the State of Kentucky and/or the KDOC and the EKCC and LSCC officials in their official capacities will be dismissed because the Eleventh Amendment to the U.S. Constitution specifically prohibits federal courts from entertaining suits for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). In addition, state officials sued in their official capacities for monetary damages are not considered "persons" within the meaning of 42 U.S.C. § 1983 claim, *Will*, 491 U.S. at 71; *see also*, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Odom's claim against the KDOC and prison officers in their official capacity claims will therefore be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

Odom asserts various medical claims against Dr. Everson. His first claim, that

6

Everson violated his Eighth Amendment rights on October 11, 2011, will be dismissed because Odom has not alleged facts demonstrating that on that date, Everson was deliberately indifferent to his serious medical condition. Odom did not allege that Everson denied him medical treatment on that date, only that he disagreed with Everson's diagnosis and his decision not to prescribe Flexeril medication.

To establish a deliberate indifference claim, the complained-of conduct ". . . must be more culpable than mere negligence; it must demonstrate deliberateness tantamount to intent to punish." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Odom's October 11, 2011, claim against Dr. Everson does not rise to that level. Odom complains only that Dr. Everson prescribed him Ibuprofen instead of Flexeril, but such action is insufficient to impose liability under the Eighth Amendment. "[W]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

When a prisoner-plaintiff such as Odom has received medical attention despite his allegations otherwise, he has not asserted an Eighth Amendment claim of deliberate indifference. *McCrary v. Patton*, No. 07-CV-52, 2008 WL 834367, at *5

7

(E.D. Ky. March 25, 2008); *see Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court. . . ."). The mere difference of opinion between a prisoner and the prison medical staff concerning the his medical treatment does not support an Eighth Amendment claim. *Wilson v. Wilkinson*, 62 F. App'x 590, 592 (6th Cir. 2003); *Wooley v. Campbell*, 63 F. App'x 789, 790 (6th Cir. 2003).

Odom asserts three other constitutional claims against Dr. Everson, to which Everson will be required to respond in his individual capacity. Odom alleges: (1) that as Cornett's direct supervisor, Everson knew of and approved of Cornett's refusal to treat his back pain two times in January 2012 [D. E. No. 1, pp. 5, 17] and thus is vicariously liable for Corentt's actions in denying him medical treatment at those times; (2) that Everson denied (and is currently denying) him adequate exercise opportunities; and (3) that Everson retaliated against him because he had filed complaints against him and Cornett.

Odom also alleges that the defendants violated 42 U.S.C. § 1985(3). Odom did not specifically refer to § 1985(3) in connection with Everson and Cornett, but broadly construing Odom's allegations, he alleges that in January 2012, Everson and Cornett conspired to retaliate against him and/or to deny him needed medical

8

treatment in violation of his First and/or Eighth Amendment rights. It is unclear whether Odom exhausted either his three remaining constitutional claims or his § 1985(3) conspiracy claims, but Everson will be required to respond to these claims. If the issue of exhaustion is relevant, he may address it at that time.

LSCC Nurse Practitioner Cornett will be required to respond to Odom's individual capacity claims against her. Odom does not merely challenge the adequacy of Cornett's medical treatment, he alleges that on two occasions in January 2012, she actually refused to examine him and treat his back pain. Odom also alleges that Cornett retaliated against him for filing grievances about her and Everson and that she has in the past, and currently is, denying him exercise opportunities. Accepting Odom's factual allegation as true, *Twombly*, 550 U.S. at 555-56, he has alleged possible constitutional claims against Cornett, who will be required to respond to both his First and Eighth Amendment claims, his pendant state law claims alleging infliction of negligent and emotional distress, and his § 1985(3) conspiracy claims.

Odom alleges that Warden Beckstrom knew about, encouraged, but failed to correct, the leaking-water condition which Odom claims caused him to slip and fall on September 19, 2011. [D. E. No. 1, p. 6, ¶ 23] Odom has alleged a possible Eighth Amendment constitutional claim on this issue and Beckstrom must respond to this claim and to Odom's pendant state law claims alleging negligent and intentional

9

infliction of emotional distress.

Odom's Eighth Amendment and pendent state law claims against the unknown EKCC maintenance supervisor will also be allowed to proceed.  However, Odom must identify and serve process upon this individual within 120 days from the date of entry of this Order; if he fails to do so, his claims against the EKCC maintenance supervisor will be dismissed for failure to prosecute under Federal Rule of Civil Procedure 4(m).

Finally, Odom seeks a preliminary and permanent injunction directing EKCC officials to properly maintain the prison facility.  However, Odom is no longer confined at EKCC, and once a prisoner is transferred to a different facility, his claim for injunctive relief becomes moot. *Raines v. Lomax*, 66 F. App'x 544, 545 (6th Cir. 2003); *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998); *Price v. Caruso*, 451 F. Supp. 2d 889, 901 (E.D. Mich. 2006).  Odom's request for preliminary and permanent injunctive relief will therefore be denied as moot.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1.     Odom's motion seeking service of summons and the complaint on the defendants [D. E. No. 10] is **OVERRULED** as **MOOT**;

2.     Odom's claims against the Commonwealth of Kentucky and/or the

10

KDOC, and his official capacity claims against Shawn McKenzie, Administrator, EKCC Segregation Unit; Gary Beckstrom, Warden; the Unknown EKCC Maintenance Supervisor; Ronald Everson, M.D.; and Carol Cornett, LSCC Nurse Supervisor, are **DISMISSED WITH PREJUDICE**;

3. Odom's Eighth Amendment claim against Dr. Everson alleging the denial of medical treatment on October 11, 2011, is **DISMISSED WITH PREJUDICE**;

4. Dr. Everson shall respond to Odom's claims alleging (a) denial of medical treatment in January 2012; (b) the denial of adequate exercise; (c) retaliation for filing grievances; (d) conspiracy to deprive him of his constitutional rights in violation of 42 U.S.C. § 1985(3), and (e) negligent and intentional infliction of emotional distress;

5. Cornett shall respond to Odom's individual capacity claims against her alleging (a) denial of medical treatment in January 2012; (b) the denial of adequate exercise; (c) retaliation for filing grievances; (d) conspiracy to deprive him of his constitutional rights in violation of 42 U.S.C. § 1985(3), and (e) negligent and intentional infliction of emotional distress under state law;

6. Beckstrom shall respond to Odom's Eighth Amendment claims alleging (a) deliberate indifference to a known safety hazard, and (b) negligent and intentional

11

infliction of emotional distress under state law;

7.    Odom's Eighth Amendment and pendent state law claims against the unknown EKCC maintenance supervisor may proceed but Odom must identify this individual within 120 days from the date of entry of this Order. If he does not do so, his federal and state claims against this defendant will be dismissed for failure to prosecute under Federal Rule of Civil Procedure 4(m);

8.    Odom's request for preliminary and permanent injunctive relief is **OVERRULED** as **MOOT**;

9.    The Clerk of the Court shall forward by certified mail, return receipt requested, one copy of the complaint [D. E. No. 1] and this Memorandum Opinion and Order to the Office of General Counsel for the Kentucky Department of Corrections, Frankfort, Kentucky. General Counsel shall have 20 days from the date of entry of this order to complete and file a notice of waiver of service against any or all of the named defendants. If a waiver is not filed within 20 days, the Clerk shall **SUBMIT** the record for consideration;

10.    The answer to the complaint shall be filed no later than 60 days after the notice of waiver of service is filed. However, if service is required as to any defendant, the Court will enter an order directing the United States Marshals Service to effectuate service of process and the answer(s) must be filed no later than 20 days

after service of process;

      11.    Odom shall keep the Clerk of the Court informed of his current mailing address. **Failure to notify the Clerk of any address change may result in a dismissal of this case**; and

      12.    For every further pleading or other document Odom submits for consideration, he shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. Odom shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date on which he mailed a true and correct copy of his document to each defendant or their counsel. **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but does not include the certificate of service of copies, the Court will disregard the document**.

      This December 14, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge