UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 12-81-HRW

GLENN D. ODOM, II,                                                                                   PLAINTIFF,

V.             **MAGISTRATE JUDGE'S REPORT
                 AND RECOMMENDATION**

SHAWN MCKENZIE, et al.,                                                                          DEFENDANT.

\*\*\*\* \*\*\*\*\* \*\*\*\*\*

This matter is before the Court on the Plaintiff's *pro se* Emergency Motion for Transfer and to Cease and Desist. [R. 46]. Having been fully briefed [R. 50; 51], the matter is now ripe for review. For the reasons stated herein, the undersigned will recommend that the Motion be denied.

**I.**

Plaintiff, Glenn D. Odom, is an inmate currently confined at the Kentucky State Penitentiary (K.S.P.). Proceeding *pro se*, he has filed a complaint pursuant to 42 U.S.C. § 1983 challenging various conditions of his prior confinement in the Eastern Kentucky Correctional Complex ("EKCC") in West Liberty, Kentucky. After presiding Judge Henry Wilhoit's preliminary review of his complaint, Odom currently has claims pending against five (5) Defendants in their individual capacities: (1) Shawn McKenzie, Administrator, EKCC Segregation Unit; (2) Gary Beckstrom, EKCC Warden; (3) Ronald Everson, M. D, and past employee of CorrectCare.; (4) Carol Cornett, Nurse and current employee of CorrectCare [1]; and (5) Doug Nickels (formerly unknown Defendant),

---

[1] The Defendants have explained that CorrectCare-Integrated Health, Inc. ("CorrectCare") is a vendor to the KDOC, supplying physicians and nurses to staff the medical departments at certain of the KDOC penal facilities, including EKCC. Dr. Everson is a past employee of CorrectCare, and Nurse Cornett is a current employee of CorrectCare, both of whom were assigned by CorrectCare to provide medical treatment to inmates at the EKCC in January, 2012. [R. 44, at 4].

EKCC Maintenance Supervisor. [*See* Record Nos. 1; 12; 19].

**II.**

In the instant Emergency Motion for Transfer and to Cease and Desist [R. 46], Odom claims that he is no longer safe at K.S.P. and asks this Court to order the following: (1) his transfer to another prison; (2) that mailroom staff allow him to continue to mail legal pleadings; and (3) that the K.S.P. Warden and mailroom staff continue to allow him to write to attorneys and government officials.[Id. 46, at 3-4]. As grounds, Odom first alleges that K.S.P. mailroom staff are refusing to allow him to send legal mail to attorneys. [R. 46, at 1]. Second, he claims that K.S.P. employee Lt. Larry Cranor has taken his legal books and documents.[Id.].Third, he alleges that he was stabbed nine times when another inmate was allowed to enter his prison cell, and after the stabbing, K.S.P. medical staff refused to provide him treatment. [Id. at 2]. And finally, Odom claims that K.S.P. staff have continued to watch a video of his stabbing and have threatened him. [Id. at 3].

Defendants McKenzie, Beckstrom, and Nickels have responded to the instant motion, stating that they cannot grant the relief requested by the Plaintiff. [R. 50]. In addition, the Defendants point out that the K.S.P. officials Plaintiff refers to in the instant motion are named defendants in a separate civil cases currently pending in the Western District of Kentucky. [Id. at 2]. As such, the Defendants claim that the pending motion is "completely unrelated to the issues involved in this action." [Id. at 2]. In reply, Odom restates his concern over sending legal mail to the Defendants in this action. [R. 51].

**III.**

The Court construes Plaintiff's Emergency Motion for Transfer and to Cease and Desist [R. 46] as a request for injunctive relief. *See* Kinderlen v. Kane, No. 1:11-cv-01951, 2012 U.S. Dist.

LEXIS 2872, at *2 (E.D. Cal. Jan. 10, 2012) (construing *pro se* prisoner's motion for a cease and desist order as a motion for a preliminary injunction). The decision whether or not to issue a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure falls within the sound discretion of the district court. Friendship Materials Inc. v. Michigan Brick, Inc., 679 F.2d 100 102 (6th Cir. 1982). In deciding whether to issue a preliminary injunction, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

Washington v. Reno, 35 F.3d 1093 (6th Cir. 1994). And, "where a prison inmate seeks an order enjoining state prison officials, [the] Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting." Corsetti v. Hackel, No. 10-12823, 2012 U.S. Dist. LEXIS 151746, at *3, (E.D. Mich. September 26, 2012) (Report & Recommendation) (citing Kendrick v. Bland, 740 F.3d 432, 438 n.3 (6th Cir. 1984)), *adopted by* 2012 U.S. Dist. LEXIS 151747 ( E.D. Mich., Oct. 17, 2012). However, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Colvin v. Caruso, 605 F.3d 282, 300 (6th Cir. 2010) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). In fact, the Court "does not have jurisdiction to enter an injunction binding individuals who are not parties to this action." Adams v. Sparks, No. 1:12-cv-219, 2012 U.S. Dist. LEXIS 162009, at *5 (S.D. Ohio Nov. 13, 2012) (Report & Recommendation) (citing Herrerra v. Mich. Dep't of Corr., No 5:10-CV- 11215, 2011 U.S. Dist.

LEXIS 98576, at *10 (E.D. Mich. July 22, 2011)), *adopted by* 2012 U.S. Dist. LEXIS 182143 (S.D. Ohio, Dec. 27, 2012). Additionally, courts should deny the issuance of an injunction when it pertains to matters "lying wholly outside of the issues in the suit." 2011 U.S. Dist. LEXIS 98576, at *4 (citing De Beers Consol. Mines Ltd. v. United States, 325 U.S. 212, 220 (1945); Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (the party moving for a preliminary injunction must establish a relationship between the injury claimed in the party's motion and the conduct alleged in the complaint).

Here, the Plaintiff's Motion should be denied because he is asking the Court to issue an injunction against individuals who are not parties to this action. Specifically, the Plaintiff asks the Court to issue orders against K.S.P. Warden Randy White and K.S.P. mailroom staff, and to order his transfer from K.S.P. to another facility. [R. 46]. No K.S.P. employees however, are named as Defendants in this suit. [*See* R .1]. Additionally, "it is well-settled that correctional departments are granted great discretion in determining where to house inmates and inmates have no constitutional right to be housed in any particular institution." English v. Warden, Noble Corr. Inst., 1:11-cv-675, 2012 U.S. Dist. LEXIS 93046, at *1-2 (S.D. Ohio July 5, 2012) (citing McKune v. Lile, 536 U.S. 24, 26 (2002) "The decision where to house inmates is at the core of prison administrators' expertise." McKune, 536 U.S. at 26 (citing Meachum v. Fano, 427 U.S. 215, 225 (1976)). Again, no Kentucky Department of Correction's prison administrator is name as a Defendant in this suit. Accordingly, the Court does not have jurisdiction to grant Plaintiff the relief he requests.

Furthermore, the Plaintiff's Motion concerns matters that are wholly unrelated to the issues

4

in this case. His complaint alleges mistreatment during his incarceration at E.K.C.C. The instant Motion, however, involves prison officials and events that have allegedly occurred at K.S.P. Therefore, the undersigned recommends that Plaintiff's Motions be denied.

**IV.**

For the reasons stated herein, the undersigned hereby RECOMMENDS that the Plaintiff's Emergency Motion for Transfer and to Cease and Desist [R. 46] be DENIED.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller V. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed October 30, 2013.



Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge