UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 12-81-HRW

GLENN D. ODOM, II,                                                                  PLAINTIFF,

V.

**MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION AND ORDER**

SHAWN MCKENZIE, et al.,                                                      DEFENDANTS.

**** ***** *****

This matter is before the Court on the Plaintiff's *pro se* Motion to Compel [R. 63] as well as his *pro se* Motion to Amend his Complaint to Add Tim Stevens as the EKCC Maintenance Supervisor. [R. 64]. These motions are inextricably related and will be addressed together.

In his motion to compel, filed January 15, 2014, the Plaintiff requests the Court to compel the Defendants to respond to his interrogatories, requests for admission, and requests for production of documents. [R. 63]. According to the Plaintiff, at the time of filing, defense counsel refused to provide him with "any" answers or documents. [R. 63]. Defendants Beckstrom, McKenzie and Nickels have responded to Odom's motion to compel stating they have responded to each of his discovery requests. [R. 65].

In his motion to amend, filed January 27, 2014, the Plaintiff reveals to the Court that "the D.O.C. Defendants" have "finally" answered his interrogatories. Accordingly, the Plaintiff is now aware that Tim Stevens is the "unknown EKCC maintenance supervisor" named in the Plaintiff's complaint. [R. 64; 1]. In his motion to amend, the Plaintiff requests two (2) forms of relief:(1) to amend his complaint to add Tim Stevens as the Unknown EKCC Maintenance Supervisor; and (2) to dismiss his claims against Doug Nickels.

Accordingly, having considered the matters fully ,and for the reasons stated herein,

IT IS HEREBY RECOMMENDED that the Plaintiff's claims against Dough Nickels be DISMISSED WITH PREJUDICE.

Specific objections to this Report and Recommendation must be filed by February 18, 2014 or further appeal is waived. FED. R. CIV. P. 72(b); 28 U.S.C. § 636 (b); *See also* United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

In addition, IT IS ORDERED AS FOLLOWS:

(1) The Plaintiff's Motion to Compel [R. 63] is DENIED AS MOOT; and

(2) the Plaintiff's Motion to Amend His Complaint to Add Tim Stevens as the EKCC Maintenance Supervisor [R. 64] is GRANTED; and

(3) ON OR BEFORE FEBRUARY 25, 2014, the KDOC shall FILE NOTICE into the record as to whether Tim Stevens will waive service of process. If a waiver is not filed within that time period, the Clerk of the Court shall SUBMIT the record for consideration.

Signed February 4, 2014



Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge